**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,
v.                                                     No. 17-20170

ANTHONY WARD,

        Defendant.
                                               /

**ORDER DENYING DEFENDANT'S MOTION FOR RECOMMENDATION OF
RESIDENTIAL REENTRY CENTER**

In December 2017, Defendant was sentenced to 60 months imprisonment for possession with intent to distribute heroin in violation of 21 U.S.C. § 841. (Dkt. #39.) Roughly one year after the entry of judgment, Defendant filed the instant motion in which he requests that the court recommend to the Bureau of Prisons ("BOP") that he be placed in a residential reentry center ("RRC") for the last 12 months of his sentence. (Dkt. #40.) Defendant asserts that he opted to file the instant motion instead of a motion to vacate and argues that Federal Rule of Criminal Procedure 35 does not prohibit the court from making such a recommendation after sentencing. In support of his request for a recommendation, he cites his completion of the Residential Drug Abuse Program at FCI Morgantown and his desire to be closer to his family. The court commends Defendant for completing the Drug Abuse Program but will deny his motion for recommendation.

        The decision of whether to place a defendant in an RRC rests with BOP:

        The Director of the Bureau of Prisons shall, to the extent practicable, ensure
        that a prisoner serving a term of imprisonment spends a portion of the final

months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

18 U.S.C. § 3624(c). The BOP considers a variety of factors in deciding whether placement is an RRC is appropriate, including: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. §§ 3621(b), 3624(c)(6)(A).

The court's authority to make such a recommendation is not entirely clear. *See United States v. Morgan*, No. 13-cr-20464-02, 2018 U.S. Dist. LEXIS 70981, at *2 (E.D. Mich. Apr. 27, 2018) ("Although the authority to determine placement in an RRC or hallway house rests solely with the BOP, some courts have nevertheless recognized that the sentencing court may issue a recommendation concerning RRC placement, even after the sentence has been imposed."). Assuming, *arguendo*, that the court has the jurisdiction to make a recommendation after sentencing, the court will decline to do so at this time. Defendant has completed less than a fourth of his total sentence; therefore, it is too early to accurately assess Defendant's progress and determine whether placement in an RRC will best serve his rehabilitation. Accordingly,

IT IS ORDERED that Defendant's motion for recommendation (Dkt. #40) is DENIED WITHOUT PREJUDICE.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: March 12, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 12, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\17-20170.WARD.deny.residential.reentry.HEK.docx